IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**GINA LOPEZ, LUIS F. CABRERA,**
Plaintiffs,

v.   CIVIL NO. 05-1285(DRD)

**ASTRAZENECA PHARMACEUTICALS
LP; BROADSPIRE SERVICES, INC.;
KEMPER INSURANCE CO.,**
Defendants

**OPINION AND ORDER**

Pending before the Court is a civil action instituted pursuant to the Employment Retirement and Income Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), to recover benefits due under the terms of plaintiff's, Gina Lopez, retirement plan; and Articles 1802 *et seq.* of the Civil Code of Puerto Rico, 31 P.R. Laws Ann. § 5141 *et seq*. In sum, plaintiffs allege that Lopez was an employee of co-defendant Astrazeneca Pharmaceuticals LP ("Astra") from 1988 to 2004. Plaintiff alleges that she was wrongfully denied Long Term Disability ("LTD") benefits in violation of the Plan provisions and ERISA. This denial, in turn, constitutes, according to plaintiff, a tort action under Article 1802 of the Civil Code of Puerto Rico. In sum, plaintiff is seeking various remedies, to wit: 1) declaratory relief finding that she is entitled to LTD benefits under Astra's policy; 2) the payment of the LTD benefits since she became disabled and until she reaches the age of sixty five (65); 3) damages for failure to comply with fiduciary duty; 4) damages for pain and suffering; and 5) punitive damages, in addition to costs, interest and attorneys' fees.

**I. FACTUAL BACKGROUND**

Plaintiff alleges in the complaint that due to part of her obligations as said employee (i.e. the loading and unloading of medical products and promotional material), she began to suffer joint and

back pain which became progressively worse and, ultimately, limited her movements. By 2002 she was diagnosed with Rheumatoid Arthritis, Arterial Hypertension, and Cardiac Arrhythmia. Due to her illnesses, she developed major depression. Plaintiff had almost daily crying spells, severe irritability, almost daily insomnia, severe memory deficit, and severe concentration deficit. Because of this condition, plaintiff avers, that she was allegedly forced to take leave from work from May 2003 to November 2003. According to the complaint, both her physical and emotional condition worsened during said leave. Once she had to return to her employment as her leave benefits expired, she filed an application for LTD benefits and submitted the pertinent medical information to Kemper Insurance Co. ("Kemper"), the claims administrator for Astra's LTD policy. Kemper ultimately denied plaintiff's LTD benefits. She then requested a reconsideration and provided further medical evidence. Notwithstanding, on March 3, 2004, plaintiff received a letter form Broadspire Services, Inc. ("Broadspire"), Astra's LTD Insurance Plan Administrator, denying the solicited benefits based on a purported lack of medical evidence. Plaintiff alleges that, by that time, her condition had become so severe that she was forced to leave her employment. Finally, plaintiff avers having exhausted all administrative remedies.

Now, pending before the Court are *Defendant's* [Broadspire Service, Inc., and Lumbermens Mutual Casualty Company (erroneously named in the *Complaint* as Kemper Insurance Co.)] *Rule 12(b)(6) Motion to Dismiss Count II of the Plaintiff's Complaint* (Docket No. 13); *Broadspire's Rule 12(b)(6) Motion to Dismiss* (Docket No. 11); and *Co-defendant Astrazeneca's Motion to Dismiss Plaintiff's Claims for Damages and to Strike Demand for Jury Trial* (Docket No. 7).

### II. MOTION TO DISMISS STANDARD R. 12(b)(6)

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may, in response to an

initial pleading, file a motion to dismiss the complaint for failure to state a claim upon which relief may be granted. It is well-settled, however, that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see also* Miranda v. Ponce Fed. Bank, 948 F.2d 41 (1st Cir.1991).  The Court must accept as true "all well-pleaded factual averments and indulg[e] all reasonable inferences in the plaintiff's favor." Aulson v. Blanchard,  83 F.3d 1,3 (1st Cir. 1996)(citations omitted); *see also* Berríos v. Bristol Myers Squibb Caribbean Corp., 51 F.Supp.2d 61 (D.Puerto Rico 1999).  A complaint must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." Romero-Barceló v. Hernández-Agosto, 75 F.3d 23, 28 n. 2 (1st Cir.1996) (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir.1988)).

Therefore, in order to survive a motion to dismiss,  plaintiff must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery." Gooly v. Mobil Oil Corp., 851 F.2d 513 (1st Cir. 1988).  In sum, a claim shall be dismissed under Rule 12(b)(6) **only if it appears beyond doubt that the pleader can prove no set of facts in support of the claim that would entitle the pleader to relief**. *See* Conley, 355 U.S. at 78 (*emphasis added*).

However, the Court is not obligated to accept plaintiff's "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). The Court must only accept those facts that are "well pleaded," limiting its inquiry into the allegations of the complaint. Litton Indus., Inc. v. Colon, 587 F.2d 70, 74 (1st Cir. 1978). In sum, the

Court's focus should always be on "whether a liberal reading of [the complaint] can reasonably admit of a claim . . . ." Id.; see also Rogan v. Menino, 175 F.3d 75 (1st Cir. 1998).

A district court's dismissal of a claim under Rule 12(b)(6) is reviewed *de novo* by the appeals court; such court "accept[s] as true all well-pleaded factual averments and indulg[es] all reasonable inferences in the plaintiff's favor." Calderon Ortiz v. Laboy Alvarado, 300 F.3d 60, 62-63 (1st Cir. 2002); SEC v.SG Ltd., 265 F.3d 42, 46 (1st Cir. 2001). Accordingly, "if the facts contained in the complaint, viewed in this favorable light, justify recovery under any applicable legal theory", any order of dismissal shall be set aside. Calderon Ortiz, 300 F.3d at 63; quoting, Conley, 355 U.S. at 45-46; Aulson, 83 F.3d at 3.

Finally, "it is well established that affirmative defenses [such as time prescription] may be raised in a motion to dismiss an action for failure to state a claim". Blackstone Realty LLC v. FDIC, 244 F. 3d 193, 197 (1st Cir. 2001); La Chapelle v. Berkshire Life Ins. Co., 142 F. 3d 507, 509 (1st Cir. 1998) ("In the case of the affirmative defense of statute of limitations, dismissal is entirely appropriate when the pleader's allegations leave no doubt that an asserted claim is time barred".)**;** Aldahonda-Rivera v. Parke Davis and Company, 882 F. 2d 590, 592 (1st Cir. 1989) ("When a defendant raises an affirmative defense that is obvious on the face of plaintiff's pleadings, and the court makes the ruling based only on those pleadings, the motion is treated as a Rule12(b)(6) motion to dismiss). In cases in which the affirmative defense is based on the statute of limitations, the Court may grant a motion to dismiss if the pleader's allegations leave no doubt that the asserted claim is time barred. *See*, Street v. Vose, 936 F. 2d 38, 39 (1st Cir. 1991); Kali Seafood Inc. v. Howe Corp., 887 F. 2d 7, 9 (1st Cir. 1989). *See also* Estate of Alicano-Ayala v. Philip Morris, Inc., 263 F.Supp. 2d 311, 315 (D.P.R. 2003).

### III.  ANALYSIS

1.  <u>Broadspire/Lumbermens, and Astra's **UNOPPOSED** Motions to Dismiss</u>: (Docket Nos. 13, and 7, respectively)

Count II of the *Complaint* seeks an award of $150,000.00 for the alleged pain and suffering plaintiff suffered due to the defendants' "unreasonable and completely bad faith basis" when denying her LTD benefits claim.  Count II also moves the Court to award an amount of no less than $75,000.00 for the allegedly severe mental anguish co-plaintiff Luis F. Cabrera, plaintiff-employee's husband, suffered due to defendant's purported gross negligence in not providing long term disability benefits to Ms. Lopez.  The awards sought through Count II of the *Complaint* are pursuant to state law – 31 P.R. Laws Ann. § 5141.

Broadspire and Lumbermens quite succinctly argue in their request that this type of local claim is preempted and superceded by ERISA, and, thus, should be dismissed with prejudice.  Although Broadspire and Lumbermens do not cite any case law or specific statute to support their argument, they do specifically request the Court to allow their joinder to Astra's motion to dismiss plaintiffs' claims for damages and to strike the demand for jury trial.  Accordingly, the Court now proceeds to analyze Astra's request.

Through Astra's request **all** defendants in the instant case request, not only that Count II be dismissed inasmuch as ERISA does not authorize damages and preempts state causes of action related to LTD plans, but also that co-plaintiff husband's claims be dismissed provided that ERISA also preempts such claim and does not make available any remedies as to him.  Finally, defendants further move the Court to strike plaintiffs' request for a jury trial due to the fact that, under ERISA, jury trials are not available in LTD benefits claims.

In particular, Section 514(a) of ERISA preempts any and all state law an causes of action that may be related to employee benefit plans. *See* 29 U.S.C. § 1144(a). Moreover, as has been consistently held in following the Supreme Court's mandates that, "[p]reemption is [to be] broadly applied, and state laws which affect the interpretation or implementation of a plan are preempted even if not inconsistent with ERISA's substantive provisions or specifically designed to target employee benefit plans." Rodriguez Hernandez v. National Life Ins. Co., Civil No. 04-1096(HL), 2005 U.S. Dist. LEXIS 23271, at *11 (D.P.R. Jul. 12, 2005); *see also* District of Columbia v. Greater Washington Bd. Of Trade, 506 U.S. 125, 113 S.Ct. 580 (1992) Mackey v. Lanier Collection Agency & Serv., 486 U.S. 825, 108 S.Ct. 2182 (1988); Pilot Life Ins. Co. v. Dedaux, 481 U.S. 41, 47-48, 107 S.Ct. 1549 (1987); Metro Life Ins. Co. v. Massachusetts, 471 U.S. 724, 739, 105 S.Ct. 2380 (1985); Shaw v. Delta Airlines, Inc., 463 U.S. 85, 98, 103 S.Ct. 2890 (1983); Otero Carrasquillo v. Pharmacia, 382 F.Supp.2d 300, 314-15 (D.P.R. 2005); Alamo Rodriguez v. MCS Life Ins. Co., 283 F.Supp.2d 459, 467 (D.P.R. 2003; Framingham Union Hosp., Inc. v. Travelers Ins. Co., 721 F.Supp. 1478, 1489 (D.Mass. 1989). However, it has been equally established that preemption cannot take place where the state law has only a "tenuous, remote, or peripheral" connection with covered plans. District of Columbia v. Greater Washington, 506 U.S. at 121.

The express preemption provisions of ERISA are deliberately expansive, and designed to "establish pension plan regulation as exclusively a federal concern." Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 107 S.Ct. 1549 (1987). ERISA's sweeping preemption clause, 29 U.S.C.§ 1144(a), declares that with some exceptions not relevant to this case, ERISA supersedes "any and all State laws **insofar as they may now or hereafter relate to any employee benefit plan"** (*emphasis added*). In turn, a law "relates to" an employee benefit plan, in the normal sense of the phrase, if it

has a connection with or reference to such a plan. Shaw v. Delta Air Lines, Inc., 463 U.S. 85 (1983). However, "a state law may 'relate to' an employee benefit plan and thereby be preempted, even if the law is not specifically designed to affect such plans and even if its effect is indirect." Rosario-Cordero v. Crowley Towing & Transp. Co., 46 F.3d 120, 122-123. Also a state law may relate to an employee benefit plan even if it does not conflict with ERISA's own requirements and represents an otherwise legitimate state effort to impose or broaden benefits for employees. *See* Simas v. Quaker Fabric Corp. of Fall River, 6 F.3d 849 (1st Cir. 1993).

The Supreme Court has held that ERISA's "preemptive force 'is so powerful as to displace entirely any state cause of action[.]' " Pilot Life Ins. Co., 481 U.S. at 44, 107 S.Ct. at 1551 *quoting* Franchise Tax Bd. v. Construction Laborers Vac. Trust, 463 U.S. 1, 23, 103 S.Ct. 2841, 2853, 77 L.Ed. 2d 420 (1983); FMC Corp. v. Holiday, 498 U.S. 52,58, 111 S.Ct. 403, 407, 112 L.Ed. 2d 356 (1990)  ("the [ERISA] preemption clause is conspicuous for its breadth").  "Section 1144(a) of ERISA has the effect of preempting any state statue dealing with benefit plans covered under ERISA 'even if the law is not specifically designed to affect such plans, or the effect is only indirect.' " Cintron Parrilla v. Lilly Del Caribe, Inc., 32 F.Supp.2d 35, FN1 (1st Cir. 1998) *quoting* Greater Washington Bd., 506 U.S. 125.

These "powerful" preemption provisions, Pilot Life Ins., 481 U.S. at 44, containing elongated federal reach have been justified by the "Congress' desire to avoid a 'patchwork scheme of regulation [which] would introduce considerable inefficiencies in benefit program operation.' " McCoy v. Massachusetts Institute of Technology,950 F.2d 13, 18 (1st Cir. 1991) (*citation omitted*). In enacting ERISA's preemption provision, which preempts all state laws that relate to an employee benefit plan, "Congress intended to bring uniformity to this area by eliminating the 'threat of

conflicting or inconsistent State and local regulation.'" Boston Mut. Ins. v. Murphree, 242 F.3d 899, 902 (9th Cir. 2001) (*citation omitted*). In conclusion, if a state law "relates to" an employee benefit plan, it is undoubtedly preempted. The Court harbors no doubt that the causes of action asserted in the *Complaint* directly "relate to" an employment benefit plan and therefore fall under ERISA's express preemption clause, and as such the field has been occupied by federal law.

Considering the restrictive scope of ERISA's civil enforcement scheme, this Court finds that plaintiffs' assertion of claims for benefits under ERISA-regulated plan falls within its expansive clauses exclusive of state action. In sum, throughout the entire *Complaint*, plaintiffs repeatedly refer to the LTD plan in the causes of action for emotional distress. Furthermore, the basis of their negligent and/or intentional infliction of emotional distress claims depends exclusively upon defendants' failures to be forthcoming and reasonable when determining that plaintiff-wife was not to be provided the long term disability benefits she was allegedly entitled to under the Plan. For the foregoing reasons, this Court concludes that the plaintiffs' state law claims for damages under Article 1802 of the Puerto Rico Civil Code, 31 P.R. Laws Ann.§ 5141 are preempted by federal law, and, thus must be **DISMISSED** because the only duty of defendant is under Section 502(a), 29 U.S.C. § 1132(a) which does not contemplate damages. Section 502(a) provides for a remedy "to secure benefits under the plan, rather than damages for the breach of the plan". Hampers v. W.R. Grace & Co., 202 F.3d 44, 55 (1st Cir. 2000).[1]

Having dismissed the state law claims, defendants' request to dismiss the claims brought forth by Mr. Cabrera – plaintiff-husband – now becomes **MOOT** provided that it stems from the *Complaint* that said state law damages claim was the only claim instituted by plaintiff-husband.

---

[1] *See also* Aetna Health Inc. v. Davila, 542 U.S. 200, 124 S.Ct. 2488, 2496 (2004) (holding that the exclusive remedy is the granting of the benefits under ERISA).

Finally, as for the defendants' request to strike plaintiffs' request for jury trial, the Court understands that, although ERISA does not expressly grant the right to a trial by jury, it does not categorically deny it either. However, it has been previously held that jury trials would be unsuitable where the nature of the claim being requested is strictly equitable in nature. *See* Padilla de Higginbotham v. Worth Publishers, Inc., 820 F.Supp. 48 (D.P.R. 1993); *see generally* Liston v. UNUM Corporation Officer Severance Plan, 330 F.3d 19, (1st Cir. 2003) and citations therein. Moreover, the Circuit Courts that have considered the question have concluded that juries are not available for ERISA benefit claims. Id. Because claims for benefits under ERISA are equitable in nature,[2] right to jury trial is inapposite.

2.      Broadspire's Rule 12(b)(6) Motion to Dismiss:

Boradspire moves the Court to dismiss al claims against it arguing that, as the third party claims administrator, it is not a proper defendant in the action. Boradspire further argues, citing to § 1132(d)(2), that no individual capacity claims have been averred against it, thus, plaintiffs failed to properly state a claim against it. Accordingly, since plaintiff cannot establish that it will be liable for the payment of benefit claims, Broadspire concludes that it must be dismissed from the instant claim. Plaintiffs, on the other hand, contend that Broadspire did not establish that it was not acting as a delegate of the plan. Plaintiffs also understand that, having Broadspire's Appeal Committee been the party to re-affirm the original denial of benefits, Broadspire was, in fact, acting as a delegate of the plan and, as such, granted the discretionary authority to review claims and decide upon them. Consequently, plaintiffs allege, Broadspire is certainly an appropriate party to the

---

[2] *See generally* Tischmann v. ITT/Sheraton Corp., 145 F.3d 561 (2nd Cir. 1998), *cert. denied* 119 S.Ct. 406; Adams v. Cyprus Amax Minerals Co., 149 F.3d 1156 (10th Cir. 1998); Turner v. Fallon Community Health Plan, Inc., 953 F.Supp. 419 (D.Mass. 1997), *aff'd* 127 F.3d 196 (1st Cir.)

Finally, as for the defendants' request to strike plaintiffs' request for jury trial, the Court understands that, although ERISA does not expressly grant the right to a trial by jury, it does not categorically deny it either. However, it has been previously held that jury trials would be unsuitable where the nature of the claim being requested is strictly equitable in nature. *See* Padilla de Higginbotham v. Worth Publishers, Inc., 820 F.Supp. 48 (D.P.R. 1993); *see generally* Liston v. UNUM Corporation Officer Severance Plan, 330 F.3d 19, (1st Cir. 2003) and citations therein. Moreover, the Circuit Courts that have considered the question have concluded that juries are not available for ERISA benefit claims. Id. Because claims for benefits under ERISA are equitable in nature,[2] right to jury trial is inapposite.

2.      Broadspire's Rule 12(b)(6) Motion to Dismiss:

Boradspire moves the Court to dismiss al claims against it arguing that, as the third party claims administrator, it is not a proper defendant in the action. Boradspire further argues, citing to § 1132(d)(2), that no individual capacity claims have been averred against it, thus, plaintiffs failed to properly state a claim against it. Accordingly, since plaintiff cannot establish that it will be liable for the payment of benefit claims, Broadspire concludes that it must be dismissed from the instant claim. Plaintiffs, on the other hand, contend that Broadspire did not establish that it was not acting as a delegate of the plan. Plaintiffs also understand that, having Broadspire's Appeal Committee been the party to re-affirm the original denial of benefits, Broadspire was, in fact, acting as a delegate of the plan and, as such, granted the discretionary authority to review claims and decide upon them. Consequently, plaintiffs allege, Broadspire is certainly an appropriate party to the

---

[2] *See generally* Tischmann v. ITT/Sheraton Corp., 145 F.3d 561 (2nd Cir. 1998), *cert. denied* 119 S.Ct. 406; Adams v. Cyprus Amax Minerals Co., 149 F.3d 1156 (10th Cir. 1998); Turner v. Fallon Community Health Plan, Inc., 953 F.Supp. 419 (D.Mass. 1997), *aff'd* 127 F.3d 196 (1st Cir.)

instant claim.

At this very early point in the proceedings the Court, having accepted all well pleaded facts, made all reasonable inferences in plaintiffs' favor, and having made a liberal reading of the complaint, as we are required to do under *Aulson*, deems that plaintiffs sufficiently set forth "factual allegations necessary to sustain recovery from Broadspire (the Plan Administrator). It is not clear to the Court "that plaintiff can prove no set of facts in support of [her] claim" warranting potential relief. Conely v. Gibson, 355 U.S. at 45-46. Hence, the Court cannot dismiss the claims against Broadspire when it is unclear if Broadspire was acting as a delegate of the plan when it's Appeals Committee denied plaintiffs' claim.

## IV.  CONCLUSION

For the foregoing reasons, the Court rules as follows:

1. All state law claims for damages are hereby **DISMISSED**;

2. Request for Jury Trial is **STRICKEN**;

3. Motion to Dismiss as to Broadspire (Docket No. 11) is **DENIED WITHOUT PREJUDICE** as to latter being filed under Summary Judgment Standard.  *See* Conely v. Gibson, 355 U.S. at 45-46.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 1st day of March of 2006.

                                                     Daniel R. Dominguez
                                                     **DANIEL R. DOMINGUEZ**
                                                     **U.S. DISTRICT JUDGE**